IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DCI REEDSBURG, LLC
and PARKVIEW BED &
BREAKFAST, LLC,

           Plaintiffs,           OPINION AND ORDER

v.

                              22-cv-251-wmc

NEIL E. LONGAN, N.
LORRAINE LONGAN,
and START ME UP, LLC.

           Defendants.

---

      Plaintiffs Parkview Bed & Breakfast, LLC by Lisa Lietz-Ray, in her capacity as court-appointed receiver, and DCI Reedsburg, LLC have alleged that the court has jurisdiction under 28 U.S.C. § 1332. Because the allegations in the notice of removal and amended complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiffs will be given an opportunity to file a second amended complaint containing the necessary allegations.

OPINION

      "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."

*Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contended in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Notice of Removal (dkt. #1) ¶¶ 3-5.) For the latter to be true, however, there must be *complete* diversity, meaning no plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Looking to plaintiffs' amended complaint, their allegations as to the citizenship of the parties prevents this court from determining if this is so.

Starting with plaintiff DCI Reedsburg, LLC ("DCI") "the citizenship of an LLC is the citizenship of each of its members," yet plaintiffs have not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the complaint lacks *any* allegations regarding the names or the citizenship of any of DCI's members. Instead, plaintiffs allege it is "a Wisconsin limited liability company having a principal place of business located at 710 N. Webb Ave., Reedsburg, WI." (Am. Compl. (dkt. #8) ¶ 1.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[1]

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as

Plaintiffs also fail to provide the current citizenship of Parkview Bed & Breakfast, LLC ("Parkview"), instead alleging that, "Defendants Neil E. Longan and N. Lorraine Longan are the only members and managers of Parkview . . . until the sale of the Property on May 21, 2020." (Am. Compl. (dkt. #8) ¶ 7.) However, it appears that Parkview is now under a receivership overseen by Lisa K. Lietz-Ray. (*Id.* ¶ 3.) The Seventh Circuit has held that it is the citizenship of the receiver, rather than the company in receivership, that matters for determining diversity jurisdiction. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 738 (7th Cir. 2004). Plaintiffs have not provided any information about Lietz-Ray's citizenship.

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of DCI's LLC and Lietz-Ray's citizenship. While defendants' notice of removal was deficient in the first instance as it failed to plead the citizenship of DCI, it is incumbent upon plaintiffs to clarify their jurisdiction now that they have filed an amended complaint and added a plaintiff.

ORDER

IT IS ORDERED that:

1) Plaintiffs shall have until June 10, 2022, to file a second amended complaint containing good faith allegations sufficient to establish complete diversity of

---

well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 27th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge